**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000692
19-AUG-2024
07:55 AM
Dkt. 53 SO**

NOS. CAAP-20-0000692 AND CAAP-21-0000003


IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI


UNICREDIT S.P.A., SHANGHAI BRANCH, Plaintiff-Appellee, v.
JINNA HAN, GUIFANG FU, BIN RUAN, Defendants-Appellants,
and SHANGHAI GANAYU COMMERCIAL LTD.;
SHANGHAI YIYU COMMERCIAL CONSULTATION LTD.;
Defendants-Appellees, and DOE DEFENDANTS 1-20,
Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC181001939)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Defendants-Appellants Jinna **Han**, Guifang **Fu**, and Bin

**Ruan** (together **Defendants**) appeal from the Circuit Court of the

First Circuit's[1] (1) October 6, 2020 "Order Granting in Part and

Denying in Part Plaintiff's Motion for Default Judgment Against

Defendants Jinna Han, Guifang Fu, Bin Ruan, Shanghai Ganayu

Commercial Ltd., and Shanghai Yiyu Commercial Consultation

Ltd[.] Filed on May 6, 2020" (**Default Judgment Order**) and

---

[1] The Honorable Lisa W. Cataldo presided.

(2) December 11, 2020 "Final Damages Judgment Against Defendants Jinna Han and Guifang Fu" (**Damages Judgment**).[2]

In this appeal, we address Plaintiff-Appellee **UniCredit** S.p.A., Shanghai Branch's assertion that (1) this court lacks jurisdiction over Ruan, and we also address Defendants' challenges to (2) the service of the complaint and (3) the lack of an evidentiary hearing.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the appeal as discussed below, and affirm.

UniCredit filed a complaint in circuit court asserting conversion, conspiracy to defraud, fraudulent transfer, conspiracy to engage in fraudulent transfer, and unjust enrichment, but later moved for entry of default when Defendants failed to respond to the complaint.

According to the complaint, Han worked for UniCredit (a commercial bank), Fu is Han's mother, and Ruan is Han's

---

[2] Defendants initiated two appellate cases, one from the Default Judgment Order (CAAP-20-0000692) and one from the Damages Judgment (CAAP-21-0000003). This court consolidated the cases under CAAP-20-0000692.

[3] Although Defendants raise a total of 14 points of error, they do not provide corresponding arguments for each point. Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7). We construe Defendants' points of error as primarily challenging the service of the complaint and the lack of an evidentiary hearing. We note that none of the 14 points of error expressly challenge the $11,495,940 award; thus, any argument as to that award is waived. HRAP Rule 28(b)(4). Also waived is Defendants' challenge to the admission of evidence because their points of error fail to identify where in the record they preserved the issue for appeal. HRAP Rule 28(b)(4)(iii) and (b)(4)(A).

husband.  In 2019, a court in China convicted Han of embezzling over $16 million and sentenced her to 13 years in prison.  Of that amount, nearly $11.5 million was from five UniCredit clients.  Han transferred money from the clients' accounts into Fu's account, and then purchased real estate around the world, including two apartments in Honolulu.

**(1)**  Addressing UniCredit's contention first, UniCredit asserts this court lacks jurisdiction over Ruan because "the Final Judgment does not purport to affect Ruan's rights in any way[.]"  Defendants make no responsive argument in their reply brief.

UniCredit is correct.  The Default Judgment Order and Damages Judgment expressly stated they did not apply to Ruan, and no exception to the final judgment rule applies here.  Thus, there is no final judgment from which Ruan may appeal.  As such, we dismiss Ruan's appeal for lack of appellate jurisdiction.

**(2)**  Next, Han and Fu challenge the Default Judgment Order and Damages Judgment based on improper service.  They argue that they "are not answerable in a state of [Hawai'i] court without [UniCredit] serving process in compliance with all requirements of the Hague Convention[.]"  Han and Fu mainly challenge UniCredit's compliance with a portion of **Article 15** of the "Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters" (**Hague**

3

**Convention on Service Abroad**) that requires "reasonable efforts."  Contrary to Han and Fu's assertion, UniCredit demonstrated reasonable efforts, complying with Article 15.

Article 15 explains a judgment may be entered six months after a document was transmitted even when no certificate of service was received if reasonable efforts were made to obtain a certificate:

> Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, <u>may give judgment even if no certificate of service or delivery has been received</u>, if all the following conditions are fulfilled –
>
>     *a)* the document was transmitted by one of the methods provided for in this Convention,
>
>     *b)* a period of time of <u>not less than six months</u>, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
>
>     *c)* no certificate of any kind has been received, even though <u>every reasonable effort has been made to obtain it through the competent authorities of the State addressed</u>.

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 15, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, 364, 658 U.N.T.S. 163, 171, 173 (emphases added and formatting altered).

UniCredit represented to the circuit court that it sent the requisite documents to the Chinese Central Authority in March 2019, and the Chinese Central Authority confirmed via e-mail in April 2019 that it received the documents and forwarded them to the court system which effectuates service.

4

Three months later, in July 2019, UniCredit followed up with the Chinese Central Authority and asked if there was an update or if there was somebody in the court system who could answer the question.  UniCredit was told the court system does not provide information, but the Chinese Central Authority would send an update if the court provided any information.

Also in July 2019, UniCredit sent the complaint via United States Postal Services registered mail to Defendants' attorney in China.[4]  Tracking information confirmed the complaint was delivered.

In November 2019, Defendants' Hawaiʻi attorney filed a memorandum in opposition to UniCredit's motion for entry of default, claiming Defendants had "not been properly served in compliance with" the Hague Convention on Service Abroad. Defendants acknowledged UniCredit went through the Chinese Central Authority, but insisted UniCredit simply had to wait until the documents were properly served.

Contrary to Defendants' argument below, UniCredit needed to wait at least six months, which it did.  UniCredit also needed to show reasonable efforts, which it did.  And it is reasonable to infer that the appearance of Hawaiʻi counsel to

---

[4]  We note China has opposed serving foreign judicial documents directly to the recipient by mail from abroad.  See Chinese Ministry of Justice, China – Central Authority & practical information, The Most Frequently Asked Questions and Answers 1 (2023), https://assets.hcch.net/docs/5bbc302d-532b-40b1-9379-a2ccbd7479d6.pdf [https://perma.cc/L4UT-LACS].

defend the motion for entry of default suggests Han and Fu had actual notice of the complaint.  See generally, In re S. Afr. Apartheid Litig., 643 F.Supp.2d 423, 432 (S.D.N.Y. 2009) (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 301-02 (2nd Cir. 2005)) ("Where a plaintiff 'attempted in good faith to comply with the Hague Convention' and the defendant does 'not dispute having received the complaint in this action . . . there is no prejudice to him [or her]'").

Thus, the circuit court did not abuse its discretion in granting UniCredit's motion for entry of default.

**(3)**  Finally, Han and Fu contend in a conclusory manner that the circuit court erred when it failed to conduct an evidentiary hearing under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 55(b)(2), and point to "DKT #49 at p.3 para. 1" of the circuit court record.  "DKT #49" is Defendants' memorandum in opposition to UniCredit's motion for a default judgment.  And on "p.3 para. 1," Defendants' stated UniCredit "has not been forthright in disclosing facts regarding their purported damages ,and [sic] have engaged in conduct amounting to misrepresentation to the court."  Han and Fu provide no further argument on appeal demonstrating the circuit court abused its discretion in not holding an evidentiary hearing pursuant to HRCP Rule 55(b)(2).

HRCP Rule 55(b)(2) governs when the circuit court may enter a judgment by default, and gives the circuit court discretion to hold hearings when "it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter[.]"

With its motion for a default judgment, UniCredit submitted (among other things) a translation of the criminal judgment from the "Pudong New Area People's Court, Shanghai" reciting the amount Han stole from UniCredit. Han does not explain why the criminal judgment was insufficient or how UniCredit misrepresented the amount stolen. Without more, we cannot say the circuit court abused its discretion in not holding an evidentiary hearing.

Based on the foregoing, we affirm the Default Judgment Order and the Damages Judgment, and we dismiss Ruan's appeal for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi, August 19, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Scot Stuart Brower,
for Defendants-Appellants.              /s/ Karen T. Nakasone
                                        Associate Judge
Kristin L. Holland,
Pamela W. Bunn,                         /s/ Sonja M.P. McCullen
(Dentons),                              Associate Judge
for Plaintiff-Appellee.